IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REY HENRIQUEZ, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| v. | : | |
| | : | |
| DAVID VARANO, et al., | : | NO. 11-cv-4190 |
| | : | |
| Respondents. | : | |

**MEMORANDUM ON PETITION FOR WRIT OF HABEAS CORPUS**

**BAYLSON, District Judge**                                                April 26, 2012

      Presently before the Court is a Report and Recommendation issued by Magistrate Judge Jacob P. Hart, denying Petitioner Rey Henriquez's Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254.  Upon independent and thorough review, and for the reasons stated below, the Court will affirm the Report and Recommendation and dismiss the Petition.

**I.**      **Factual and Procedural History**

      On March 11, 2005, Mr. Henriquez pleaded nolo contendere in the Court of Common Pleas for Philadelphia County to charges of involuntary deviate sexual intercourse, indecent assault, corrupting the morals of a minor, and other unspecified but related offenses. Commonwealth of Pennsylvania v. Henriquez, No. 2685 EDA 2009, at *1 (Pa. Super. Ct. Apr. 19, 2011) (unpublished decision).

      As discussed more fully below, Mr. Henriquez did not appeal his conviction or move to withdraw his plea.  Id. at 2.  Instead, more than two years later, on November 16, 2007, Mr. Henriquez filed a petition for state collateral review under Pennsylvania's Post-Conviction Relief

Act (the "PCRA"). Id.  On January 23, 2009, counsel was appointed to pursue Mr. Henriquez's PCRA petition. Id.  Mr. Henriquez's appointed counsel filed a no-merit letter, stating that the grounds for the petition were frivolous. Id. On August 31, 2009, the PCRA court ordered that Mr. Henriqeuz's petition be dismissed as untimely. Id.  Mr. Henriquez appealed the order to Pennsylvania's Superior Court. Id.  On April 19, 2011, the Superior Court affirmed. Id. at 6.

Subsequently, on June 27, 2011, Petitioner, proceeding pro se, filed the instant Petition.[1] (ECF No. 1.)  On August 29, 2011, the District Attorney for the County of Philadelphia filed a Response. (ECF No. 7.)   This Court referred the matter to a magistrate judge.  On September 19, 2011, Magistrate Judge Jacob P. Hart issued a Report and Recommendation recommending that the Petition be dismissed as untimely.  (ECF No. 8.)  On October 4, 2011, Petitioner filed Objections to the Report and Recommendation. (ECF No. 9.)

In the Petition, Mr. Henriquez claims that: (a) his plea was involuntary because the prosecutor breached the plea agreement; (b) he was denied effective assistance of counsel because his trial counsel did not make a meaningful investigation of the facts; (c) the prosecutor failed to disclose exculpatory evidence in the form of the preliminary hearing transcript; and (d) he was denied effective assistance of counsel because his appointed counsel for the PCRA petition failed to make a meaningful investigation of the facts or raise the breach of plea agreement issue to the court.  Id. at 9-10.

## II.     The Report and Recommendation

In the Report and Recommendation, Magistrate Judge Hart concluded that the statute of

---

[1] The Petition was executed May 23, 2011, although it was not received by the Court until June 27, 2011.  (ECF No. 1.)

limitations barred the Petition. In particular, Magistrate Judge Hart found that the limitations period began to accrue on April 11, 2005, thirty days after conviction, and that the last day to file a § 2254 petition was on April 11, 2006, one year later. The Petition was not filed until May or June of 2011.[2]

Next, Magistrate Judge Hart determined that none of the statutory exceptions to the statute of limitations applied. Specifically, Magistrate Judge Hart concluded that the exception for a "properly filed" state court petition for collateral review did not apply because the PCRA petition was untimely. Also, Magistrate Judge Hart concluded that the exception for newly discovered evidence did not apply because the state court had already rejected the factual predicate for any such claim.

Furthermore, Magistrate Judge Hart determined that the statute of limitations could not be equitably tolled because Petitioner had not exercised due diligence in pursuing post-conviction relief, either at the state or federal level. Petitioner's obligation to exercise due diligence continued throughout this period and Petitioner did not fulfill that obligation in investigating and bringing his claims.

### III.   Petitioner's Objections to the Report and Recommendation

Petitioner submitted Objections to the Report and Recommendation. In his Objections, Petitioner does not expressly address the statute of limitations or the reasoning for Magistrate Judge Hart's conclusions. In large part, Petitioner merely reasserts the claims asserted in his Petition. However, the Court will construe Petitioner's Objections liberally for purposes of the

---

[2] The Petition is dated May 23, 2011, but it was not received by the Court until June 27, 2011.

instant matter.

First, Petitioner contends that his trial counsel improperly failed to file a direct appeal due to a "personal reason." Petitioner also argues that his post-conviction counsel did not raise issues of his trial counsel's ineffectiveness and his post-conviction counsel "affirmed the commonwealths [sic] case against me."

Second, though not entirely clear, Petitioner seems to contend that he was unable to pursue any post-conviction relief while in New Jersey state custody. Specifically, Petitioner contends that "[g]iven the fact of untimely [sic] like my appellate counsel the counts didnt [sic] take into consideration that I was unable to file Due to Jurisdictional Ineligibility." Petitioner then goes on to explain that he was prevented from filing because he was in the custody of New Jersey for 10 to 12 months. Petitioner does not specify when he was in the custody of New Jersey, or how that prevented him from mailing a petition seeking collateral review to a state court or to this Court.

Third, Petitioner restates the claim for breach of plea agreement that he initially asserted in the Petition. Specifically, Petitioner argues that there was a signed plea agreement for a sentence of 5 to 10 years on the record, but neither the prosecution nor the judge abided by the agreement.

## IV.   Legal Standard

District courts review de novo the portions of the Magistrate Judge's Report and Recommendation specifically objected to by a petitioner. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report ... to which objection is made."); see also Fed. R. Civ. P. 72. When reviewing documents filed pro se, a court must keep

in mind that such documents are to be liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

A state prisoner is subject to a one-year statute of limitations to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The Court must identify the appropriate start date for each individual claim. See Fielder v. Varner, 379 F.3d 113, 117–18 (3d Cir.2004).

The filing of a "properly filed" application for State post-conviction or other collateral review tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).  An application is "properly filed" if the applicant complied with the "applicable laws and rules governing filings including time limits upon its delivery."  Pace v. DiGulielmo, 544 U.S. 408, 413 (2005) (internal citations and quotations omitted).

Moreover, equitable tolling is available in appropriate cases.  See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  To be entitled to equitable tolling, the petitioner must demonstrate (1) reasonable diligence in attempting to investigate and bring his claims, and (2) extraordinary circumstances preventing his timely filing.  Id. at 2562; Pabon v. Mahanoy, 654 F.3d 385, 399

(3d Cir. 2011).  The petitioner bears the burden to demonstrate both elements.  Pace, 544 U.S. at 418.  Mere excusable neglect will not suffice.  LaCava v. Kyler, 398 F.3d 271, 275–76 (3d Cir.2005).  Further, the petitioner must demonstrate a causal relationship between the extraordinary circumstances on which his claim for equitable tolling rests and the lateness of the filing.  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.2003).  The petitioner cannot make this showing if, acting with reasonable diligence, he could have filed on time notwithstanding the extraordinary circumstances. Id.

The Third Circuit has cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id. at 275 (citation, alteration, and internal quotations omitted).  To be sure, the Third Circuit has recognized only four situations when equitable tolling may be appropriate: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights mistakenly in the wrong forum; and (4) "in a Title VII action when a claimant received inadequate notice of h[is] right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that [ ]he had done everything required of h[im]." Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

V.     Discussion

The Court agrees with Magistrate Judge Hart that Petitioner's claims are time-barred.  The Petition is dated May 23, 2011, but it was not received by the Court until June 27, 2011.  The exact filing date is inconsequential because neither date affects the result reached by the Court.

The limitations period began to accrue on the date Petitioner's state conviction became final. See 28 U.S.C. § 2244(d)(1)(A). In Pennsylvania, the period in which to seek direct review is 30 days. Pa. R. App. P. Rule 903. Petitioner entered his plea of nolo contendere on March 11, 2005. Because Petitioner did not seek direct review of his conviction, his conviction became final on April 11, 2005, which marked the end of the 30-day period within which he could have filed a notice of appeal in state court. Therefore, the statute of limitations governing his § 2254 Petition expired one year later, on April 11, 2006.[3] As discussed below, neither the "properly filed" exception to the statute of limitations nor equitable tolling applies under the circumstances of this case.

### A.   The "Properly Filed" Exception Does Not Apply

The "properly filed" exception to the statute of limitations does not apply because Petitioner's petition for post-conviction relief in state court was not timely.[4] The state court found that Petitioner's PCRA petition was not filed within the limitations period prescribed by state law for the filing of such petitions. Petitioner has made no claim, nor presented any evidence, in his Petition or in his Objections, suggesting that the state court's finding is incorrect.

---

[3] In his Objections, Petitioner asserts that he was unaware of the terms of his sentence prior to sentencing. To the extent Petitioner contends that he is entitled to a later accrual date because during this time he was unaware of the "factual predicate" for his claim that neither the prosecution nor the judge were going to abide by the plea agreement, see 28 U.S.C. § 2244(d)(1)(D), the Court notes that Petitioner became aware of the sentence imposed on him on March 11, 2005, the date of his sentencing. Therefore, because Petitioner's sentence was imposed one month before his conviction became final, the limitations period accrues from the later date. See 28 U.S.C. § 2244(d)(1).

[4] Although Petitioner did not object to Magistrate Judge Hart's finding that the "properly filed" exception does not apply, the Court considers it here for purposes of completeness.

Therefore, this Court will presume that the PCRA petition was not timely filed. See Bond v. Beard, 539 F.3d 256, 263 (3d Cir. 2008) ("A state court's factual findings are "presumed to be correct," and the habeas petitioner carries the "burden of rebutting the presumption of correctness by clear and convincing evidence." (quoting 28 U.S.C. § 2254(e)(1)).  Because the PCRA petition was not timely, it was not "properly filed" for purposes of the exception to the statute of limitations governing § 2254 petitions.

  B.  **Equitably Tolling Does Not Apply**

  Nor can the statute of limitations be equitably tolled under the circumstances of this case. The Court rejects Petitioner's contention that the statute of limitations should be equitably tolled on the ground that his appointed post-conviction counsel filed a no-merit letter, stating that the grounds for his PCRA petition were frivolous, and failed to argue that trial counsel was ineffective.  Attorneys are legally and ethically required not to pursue cases which lack merit. See Polk County v. Dodson, 454 U.S. 312, 323 (1981) ("It is the obligation of any lawyer-whether privately retained or publicly appointed-not to clog the courts with frivolous motions or appeals.").  Such withdrawal cannot be considered an extraordinary circumstance for purposes of equitable tolling when attorneys regularly and properly withdraw from such cases. Indeed, Pennsylvania has a special procedure for post-conviction counsel's withdrawal when the case lacks merit, a procedure which post-conviction counsel followed in this case by filing a no-merit letter.  See Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).[5]  Moreover, the

---

[5]Under Finley, appointed counsel in a post-conviction proceeding may be given leave to withdraw upon the submission of a no-merit letter that details the nature and extent of his review of the case, lists each issue the petitioner wished to have reviewed, and explains his assessment that the case lacks merit. The court must also conduct an independent review of the record and

Court cannot discern how post-conviction counsel's failure to pursue Petitioner's PCRA petition or argue that trial counsel was ineffective could in any way have prevented him from filing the § 2254 Petition currently at issue.[6]

The Court also rejects Petitioner's contention that the statute of limitations should be equitably tolled because trial counsel did not file an appeal due to a "personal reason" when he asked her to file all necessary appeals to pursue his innocence. Petitioner offers no details about the circumstances surrounding trial counsel's failure to file an appeal. But even assuming that an extraordinary circumstance for purposes of equitable tolling did exist, Petitioner still did not exercise reasonable diligence in bringing his claims. Indeed, after his conviction, Petitioner waited two and a half years to file his PCRA petition, and six years to file the instant Petition. There is nothing in the record to suggest that Petitioner was diligently pursuing his rights during this time. Such effort is a far cry from reasonable diligence.

Finally, the Court rejects Petitioner's contention that he was unable to file a petition seeking collateral review of his Pennsylvania conviction while he was in New Jersey state custody. Petitioner would have had access to the mail while in New Jersey and he was not "jurisdictionally ineligible" – as he describes it – from filing a petition with a state court or with this Court challenging a Pennsylvania conviction simply because he was in custody in another

---

must agree with counsel that the petition is meritless before dismissing the petition.

[6] The Court also rejects the notion that ineffective assistance of post-conviction counsel is cognizable as an independent § 2254 claim. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1990) (holding that there is no right to counsel for post-conviction relief). However, ineffective assistance of post-conviction counsel may be considered in certain equitable analyses. See Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.").

state. Accordingly, the conditions for the sparing use of equitable tolling are not present in the instant case.

## VI.     Conclusion

For the foregoing reasons, the Court will adopt the Report and Recommendation and dismiss the Petition for Writ of Habeas Corpus. The Court concludes that there is no basis for issuance of a certificate of appealability.

An appropriate Order follows.

O:\CIVIL 11-12\11-4190 Henriquez v Varano\Memo re 2254 Petition.wpd